Mr. Vitt, good morning. Welcome. Good morning, Your Honor. Please proceed. I'm pleased to report Tom Vitt for the Appellate National Arbitration Forum. Your Honor, as I'm going to use my time today to focus just on claim construction and the argument that we waived certain claim construction arguments and leave the rest of the issues that were raised for a brief unless the Court has questions. Proceed to a question. Was there any oral argument related to the claim construction? Yes. As a part of somebody's judgment argument? Yes. There's a transcript that's in the record, May 31, 2006, I believe. Thank you. The Court construed the business method claims that are issued here, both Claim 1 and Claim 27, the same way. It construed both of those claims to cover a system or a method that would resolve a dispute that would be capable of resolving a dispute in multiple rounds of negotiation, but it wasn't required to resolve the dispute in multiple rounds. In other words, the District Court construed this patent to cover a one-round system or a multiple-round system. The National Arbitration Forum's contention below and its contention here is that that is a big mistake and the proper construction of both Claim 1 and Claim 27 requires multiple rounds of negotiation and also requires that the computer that's involved in this receive multiple offers before the first comparison is made. If the first is true but the second is not, if we should decide that, then I guess we would not go as far as you want us to go. That's correct. But we would nonetheless, I think, have to vacate the trial court's claim construction and reject it, correct? That's correct, Your Honor. At some point I'd like you to explain why it is not a better claim construction to read the claim as not including the first possibility, that is a settle on one round, but to include all methods that involve actually having a second, third, or beyond round. You don't have to do it right now. I know you're heading in a different direction, but that's a concern that I have at some point. I think the bulk of my remarks are addressed to that because that, frankly, is the other issue is so easy in my view that I think all you have to say is the court construed this as a system to be capable and all you have to say is clearly it has to require two rounds. Both Claim 1 talks about plurality of offers, plurality of demands, multiple calculations of differences, and Claim 27 was amended to require at least two rounds. There isn't any question. But if, in fact, the claim does not require submission, simultaneous submission of multiple offers or demands, simultaneous is the wrong word. Submission of multiple offers or demands before response from the other side and before comparison. If it doesn't require that, then the Claim 1 and 27 could be on all methods that go beyond the first step and the first submission and comparison. Right? I think that's right, Your Honor. Well, let me get right to that, Your Honor. And there are two fundamental reasons if we look at this case. And let me talk first about the language of the claims. And where we are is we are right in the sweet spot of the E-Pass case and the Mantec case which talks about the language of the claims and the order of the steps. And if you look at Claim 1, we know from Claim 1's very language that there must be a submission of demands, a plurality of demands and a plurality of offers before the first comparison because the claim just simply lays it out that way. First, the claim, the method comprises receiving a plurality of demands, then receiving a plurality of settlement offers, then preventing disclosure, and then calculating the differences between the demands and the settlement offers and rounds. So Step C and Step D about disclosure and the calculation of differences refer back to the already completed steps, A and B, and this is just like the E-Pass case where the steps had to be performed in order because of that order of the steps, and just like the Mantec case where the steps are the method related to the wells and the interaction of the acid as far as I can go on the technology, it has to be performed that way because it's very carefully laid out that way in the language of the claim itself. And then there's an important final point on the language of Claim 1 because the plurals and the singulars change very deliberately to talk about once you look at the differences and make that calculation, then you transmit a message, a single message, not multiple messages. So if what the District Court had in mind was a one-round system, offer, demand, comparison, and then repeat, that's not described here. What's described in this claim and laid out very clearly is multiple offers, multiple demands, comparison of all those, and then the transmission to the parties of a single message. Now if we don't agree with you that these steps have to be performed in order, but rather, for example, that the words in rounds indicates that one of A and one of B and C and then D can occur before the second iteration of A and B, for example. If the words in rounds carries that meaning through this claim, then what's left at that point of your argument that this requires multiple submissions of demands before multiple submissions of offers? Well, Your Honor, I don't think you can read it that way in light of the specification, which I'd like to get to next. I mean, I think the order of steps in the claim language is compelling and very similar to those two cases that we cite in our papers. But then when you add that fact to what's in the specification, it really becomes overwhelming. Because in the specification, again, it discourages three things about the specification that I want the Court to take away on this point. The first is, in the summary of the invention itself, the patent says that the method comprises, and then it says, a series of rounds of demands. So multiple demands, that's step A. A series of rounds of offers, so multiple offers. And then it says steps A and B can be performed in any order. So the offers or demands, it doesn't matter which one comes first. Then the next step is calculating the differences and preventing the disclosure and transmitting the message. Very similar to Claim 1. The important thing is, we're not talking about a situation where the patent describes different embodiments of different ways of doing this, the one Your Honor talked about and the one I'm talking about. It says, the method comprises. And that language has meaning. The person already still would understand that and read that. Then the patent and the specification goes on in Column 9 to say, the present invention begins when the party enters a series of rounds of offers. So that's the second thing about the specification. Much like the language in the Honeywell case that was found to be dispositive about the fuel filter, we're talking about the present invention. So we've got two very clear signals about what is the method, what is the invention. It's when a series of offers comes in. And then the final point, the third point about the specification, is that every embodiment is, as I've described it, where at least one party has put in multiple offers. Throughout the entire patent, there is never an embodiment described where a party puts in an offer, a party puts in a demand, there's a comparison and a message, and then repeat. What do you make of, I'm sorry, what you've done with that? I've done with that point. Yes, sir. What do you make of the language on Column 15, lines 54, let's say, describing what I take to be one of the embodiments. If the demand and the corresponding offer by the sponsor for that round are within the pre-established conditions, the user is preferably presented with a case acceptance screen. If they are not within the pre-established conditions, the user is preferably presented with a link to the next round screen. Which sounds to me as if it's describing a system in which there is a demand, an offer, a comparison, and a result, and if the result is negative, you move to the next round. Why isn't that just what it describes? You have to read the whole context of that. It doesn't describe that. It doesn't address that. What the patent repeatedly describes is the sponsor. It says it could go either way, but it usually describes the sponsor setting up the claim and putting in multiple offers into the system. Let's stick with this language. You said it doesn't describe what I took it to describe. Help me out as to why it doesn't describe what I'm taking it to describe. This is talking about the claimant, who's now in this round screen, it's round by round, and this is an embodiment that's described a couple different ways, where the sponsor's already set up the case, the sponsor's already put in multiple demands, and now the claimant comes in and can put in, or the sponsor's already put in multiple offers. I need to be precise about my terms. Sponsor goes with offer. The claimant then comes in and puts in one demand, and that can be run against the offers, and if it doesn't work, can put in another demand. And there are claims that address that, sponsor with multiple offers, claimant coming in next after those multiple offers are in and putting in demands one at a time. That embodiment is addressed in other claims, not the claims we have, because of the language of our claims. But there is no embodiment that does what you describe, Your Honor, which is single offer, single demand, comparison, and then repeat. It is not described anywhere in the patent. And really, there's a very good reason for that, and then the file history is laid out. That's the prior art. When we try to explain that, it's such a simple thing, but the patent office found that it was known to have offer, demand, comparison, repeat, but this was a known thing. Let me make sure I understand what you're relying on in the prosecution history for that. Unfortunately, a lot of this is sort of indeterminate, I found. I found a lot of the specifications to be unhelpful, and I found the language of the claims to be repetitive. Well, I found the language of the claims to be particularly opaque, but the prosecution history also I found not very satisfying, because I got the impression from the examiner's remarks on allowance that what the examiner thought Brams and Merrill did not cover was a two or more round of offer, offer a claim there, and comparison, and that that was what the examiner found to be null, not the invention, multiple rounds, period. Not multiple submissions in the first instance. Why isn't that a fair reading of what the... That is part of what he said, but he also said multiple rounds of negotiation are known. So it was known to do multiple rounds of negotiation, but it was known to use Brams and Merrill. And I do see... Quite plainly it is, but I... Yeah, this is one area where we're all... But it didn't seem to me to be part of what the examiner was saying. Yeah, and also if you would look at the granted reference which we put in on this point relating to claim 27, it describes exactly what you're describing, so it is the prior argument. Thank you, Your Honor. I see a member who's out of time, and I'll save it. Thank you. Please proceed. Good morning. On the waiver issues, we're also going to rely on our brief, although I'd just like to point out briefly that the infringement issue, which they've raised on appeal, was never raised below, not on the motions, not on the summary judgment argument, which the transcript you're hearing, by the way, Your Honor, is at appendix 1024 to 74, and essentially the entire transcript, which is about an hour and a half or more of an argument, was on plain construction. That's what it was about. Why isn't it clear that the trial court was wrong on plain construction? Plurality is very, very clear in at least two rounds. It seemed to me that what the court held, capable of but does not apply in multiple rounds, was just plain wrong. Why is that not correct? Your Honor, it's not correct for two, really three essential reasons. First, the NAF's description, or I should say mischaracterization of the specification and what it discloses, is completely wrong. I'd like to go through that. Second, the claim language... I'm reading the claim. I'm sorry? I'm reading the claim. The claim language, the plurality language, is consistent with those places in the specification, for example, column 5, and in the prosecution history when claim one was allowed, with submitting offers over time. So, for example, the examiner maintained his allowance of claim one over Brams and Merrill because Brams and Merrill, he said, do not disclose a plurality of demands in settlement offers, saying that such a plurality is known in the context of shuttle diplomacy and extended negotiations. And in going through that, this is at A436-37, the examiner went on to say that Brams and Merrill and other prior art of record don't teach determining whether the difference or any of the differences between the demand or demands, he has an apostrophe S, and the settlement offer or offers fall within a predetermined criterion. And we think that this shows that the examiner understood that the term plurality in the context of claim one had the same meaning that it does in the specification, at column 32-36, namely to refer to offers and demands made over time, as in shuttle diplomacy. And second, as the examiner recognized, a plural form, as was being discussed a minute ago, in claim one does not require a plural limitation that you can submit one demand and one offer. Well, now, let me make sure I understand. Can you define for us the way you're using the term plurality? Do you mean plurality to encompass any situation in which one entity is present? My understanding, let me put it this way. My understanding of plurality, an instrument with a plurality of wheels would not include a unicycle. Would you agree with that? Yes, Your Honor. Okay. So, is the court wrong when she says that on page 22 of her opinion, that the claims 1 and 27 include a system that is capable of performing multiple rounds, but also, and this is a critical language, enables the party to settle in a single round, which would have only, presumably, by her theory, based on hers, as I understand it, one offer and one response. What we're saying, Your Honor, is that there's no dispute. We're not saying that plurality means less than two. If you take that word by itself, we're not giving that a different definition than the commonly understood definition. What we're saying is, is that in light of the specification, which I'd like to go over in a minute, which does describe in reference after reference examples that involve putting in an offer and demand one round at a time, and the series of demands and offers that counsel refer to, which can be compared in one round at a time, that the specification is talking about a system, a method implemented by a system, which is capable of accepting a plurality of offers and demands such that, and that's the difference with Graham's and Merrill, because Graham's and Merrill, because it was final law for arbitration, was, as the examiner recognized, at A504, for example, necessarily limited to one round. So the difference here was that this was a system and a method applying an algorithm in an automated way to, in a situation where it had the capability of having multiple rounds. So we're not saying that plurality means one. What we're saying is, is that the claim should be read as receiving, capable of receiving a plurality of demands and offers. Even though in a particular instance that capability may not be practiced. That's right, Your Honor. So you're saying method, I mean, it's a very strange sort of a method, a method that involves capability as opposed to a method that involves steps, all of which must be practiced. Well, Your Honor, I think we would put it this way. I think there's two different ways of thinking about it. One is that it's a method wherein the system that implements the method has this capability, number one. And number two, we are actually saying that there are different methods, I'm sorry, there are different steps or alternatives of implementing, practicing this method. And basically those different steps or alternatives are these. You can put in one offering demand at a time, round by round. One party can put in multiple offers and demands in a given round, and the other party can put in one. Or the other party can put in more than one offer and demand per round. Or both parties can put in multiple offers and demands at the same time. So what we're saying is, is that the method is clear, there's no indefiniteness issue here. There may be in some other case where the word capability is used, but this is a system that is capable of doing that with specification that's very clear what the alternative steps may be in terms of inputting offers and demands. But there's claims covered of alternative steps. They're very clear in talking about plurality and plurality. Well, we're... 27 rounds. I'm sorry? Claim 27 talks about at least two rounds. Well, let me go to claim 27. Claim 27 says testing a pair of values in one of at least two rounds. It doesn't require at least two pairs, and it doesn't require... it doesn't say in at least two of at least two rounds. It just says a pair in one of at least two rounds. And in the context of the claim and the specification and the constitution history as I've described it, that means to us and to the district court testing a pair of values in one round of a system that's capable of at least two rounds. And when the examiner... I don't see the word capable in these methods. That really is the word that I am also having a lot of trouble with because it's not there, and it seems to me it's a huge leap forward. They're driving a hole through the claim to vitiate the language plurality in at least two rounds by putting the word capable. Let me go back to addressing claim 27, Your Honor. Two points. First, the NEF's construction of claim 27 leads out the in one of language. It's in one of at least two. So, I'm not saying this is the most artful claim that's been before the court, but I'm saying that in the context of the specification, it needs to be read that way because to read it their way renders that in one of language meaningless. If we don't agree with you, do you lose or do we have to send it back for termination of infringement? I think that they've waived on infringement for the reasons in our brief, Your Honor. But if you depend on what the court's decision is at night, it may require a re-read. Then what's the answer if their claim construction is correct? If their claim construction is correct, the portion of it that says that both parties must submit multiple demands at the outset, I don't understand that their systems require that, Your Honor. I want to come back to my native claim 27. When the examiner, when claim 27 was amended with this language, in one of at least two rounds language, the examiner allowed it over Brams and Merrill stating, this is at Appendix 489, Brams and Merrill don't disclose that the claim is resolved in rounds, nor did they disclose testing and care values in one of at least two rounds. He said, this is the examiner, Brams and Merrill involves final law for arbitration and thus does not readily incorporate the use of multiple rounds. And I, we take that to mean, Your Honor, I think the district court judged a lot on that portion also that the examiner was recognizing that Brams and Merrill wasn't capable of more than one round because it was necessarily limited to a single round and that what was patently distinct from the examiner's point of view was that this invention of applying this algorithm in a system capable of multiple rounds, it was patently distinct over Brams and Merrill because it did have the capability of multiple rounds and that this is the language that the examiner used when the claim was allowed. And I would also point out that it's covered in our briefs, if I may go briefly to that, that in the specification figures 2 and figures 3 both clearly exemplify putting in an offer in demand one round at a time. You've already discussed column 15 with the next round screen, which is another evidence of that. Your response to your opposing counsel's characterization of that as merely a part of a larger embodied description that negates the inference that I was suggesting can be drawn from it. Yes, Your Honor. It's simply not so. First of all, first of all, that's the short version. It's completely contradictory to what they said in the court below, where when they had prior counsel before they developed all these new arguments on appeal, below they admitted, and we pointed this out in our briefing, that places in the specification that we relied on did disclose embodiments that allowed one round of bidding at a time. But more specifically, their assertion is based on a broad statement, and I don't think you heard any reference that was specific to a column in that they based on that said multiple offers and demands must be put in by both parties or even one party at the outset. And the reason why they didn't refer to any place that says that is because it doesn't. It doesn't say it anywhere in the specification. It doesn't say it anywhere in the prosecution history. And if you read the specification carefully, and it is not always the most clear specification to read, but if you follow it through, you'll see that in different places it will say that what we just described, for example, as the claimant attorney's ability to put in one demand at a time, for example, in column 15, they'll say this applies to the sponsor or the defendant as well. And it's very clear, I think, from the specification that it's really either the defendant or the sponsor who can put in one demand, or in that case an offer at a time. And the other party, the claimant, can put in one demand at a time. I guess it's obvious that this method of settling disputes did not work in this case. Or maybe it wasn't applied. That's absolutely true, and I will say that wasn't lost on the district court judge either, Your Honor. So, to us, with respect to Claim 27 and Claim 1, because you have these repeated instances in the specification, figure 2, figure 3, column 15, there's also at column 11 a passage that talks about putting in entries at one time and then leaving it blank if you want to put in another entry for another offer or demand later on. The specification is replete with references to entering one offer and one demand one round at a time. That completely contradicts the fundamental proposition, new on appeal in this case, of NAF, that nowhere in the specification does it say or does it disclose one round at a time. The second thing that's important on this, I think, is looking closely again at what the examiner said when Claim 1 was allowed and when Claim 27 was allowed. Claim 1 was never substantively amended or rejected, so there's no disclaimer issue there. When it was allowed, plurality was understood to be in the context of extended negotiations. With Claim 27, the in-one-of language, as we mentioned, simply can't be read the way they do it because it reads it out of the claim. The prosecution history makes clear that the reason why the claim was allowed was because it had the capability of multiple rounds. With respect to Greenick, I would like to note that Greenick is completely irrelevant because it involves a conventional confidential listener embodiment that's irrelevant to this patent, which involves the automated application of an algorithm. But even putting that aside, NAF stipulated in the District Court Judgment Order that their validity claims would be dismissed with prejudice. So they can't raise Greenick now to make an invalidity argument through the back door of claim construction. And they never argued Greenick below. This is another new argument which new counsel won't appeal. It was never argued below. Just to conclude, the District Court understood the invention in the applicable law. She properly understood the specification and the prosecution history. She found no She had uncontested evidence of infringement in front of her when she decided the case. And for these reasons, we respectfully ask that you affirm the District Court. Thank you. Mr. Lato, I don't follow your argument at all, from A to Z, that these are actually method claims. If these are system claims, I understand your argument. So it seems to me you're going to have to help me when the claims start out saying a method, but you, in effect, are saying, well, it says a method, but it really isn't a method claim. It's really a system claim. And therefore, capabilities count, not every step in a method being practiced. Let me try to make that clear, Your Honor. What we're saying is that this is a method which, in the context of the patent as a whole, has to be understood as having a capability of allowing more than one round. But we're not saying, and I think this is in complete conformance with the applicable law, including the Ormco case, which we both cited, that when you ask whether or not the method as we construe it is infringed, you have to show, as we did, and it's uncontested below, that the system actually operated to perform the method with one of these alternatives, either that it's all offers submitted at the beginning, or one round at a time. Well, but I still understand why capabilities have any relevance at all if it's a method claim. If it's a method claim, we look to steps and only steps, and everyone has to be performed where the method claim is not infringed. So, unless you can convince me that although they read like method claims, and although they label themselves as method claims, there's some authority for actually treating them as if they were system claims, then I can't follow you down the whole rest of the room. Your Honor, with a method claim, if it's stated specifically in the claim that there were alternatives A, B, C, D, in terms of the manner of submitting offers and demands one round at a time, all at once, etc., we think it would be clear that you could have a method that could have alternative steps, and we take it as an assumption under patent law as we know it, that method claims can have alternative steps. Alternative meaning additional steps. Alternative meaning that in order to perform the method, you could perform it using step A or step B, but you don't have to do both. In other words, you could put in in this instance, I think you list A to G here, and there's an and between them, rather than or. And, so all these steps are necessary. Oh, all the steps are necessary, but what we're saying is that a method claim can have variant steps in the context of this specification. Not if it doesn't have or in it. If and when, depending upon the breadth of its language. Everything you said about the prosecution history and everything you said about this prosecution seems to be to be totally relevant. You can't escape the language of the claims unless you can convince us that they aren't method claims, they're system claims. Well, Your Honor, if I may just move to Claim 27 for a moment. Claim 27 doesn't say a plurality just to move off of Claim 1 for a moment. I see that I'm already past my time, if I may continue for a moment. Claim 27 has the in one of at least two. And, just to reiterate it again, we believe that you cannot read the in one of at least two to read the in one of out. So, if the claim settles in the first round, then it would be in one of, in one round of a system that it allows at least two rounds. You can get back to capabilities, but I don't understand under the law of this country that method claims can be construed in terms of capabilities. They're limited to being construed in terms of the steps. This is a situation where I think, Your Honor, and I don't believe that there's a case contrary. You want in one of at least two rounds to read in a round. In a round of a system that's capable of at least two. How is this distinctly pointing out what the inventor considered his invention? How is this any kind of public notice to all the competitors in this field? If words have to be read out of this claim, erased right out of the language in order to have the meaning you want to give it. Well, again, looking at Claim 27, Your Honor, I think we're the ones that are reading all the words in the claim and that they're reading it out because it says in one of. And I think that the specification, the way that's written in the prosecution history would clearly give, provide the public notice function that's required by our law for the claims to go in one of. Let me see if I understand by using an example how you're using potential or capability. Yes, Your Honor. Let's go to Claim 1 because that's easier for me to work with. If you have a method, you're practicing with a method in which the system that's being used has the capability to have multiple rounds, but in a particular instance, the only one in recorded history, there is settlement on the first round. That is to say, demand, offer, comparison, settlement. Yes, Your Honor. Now, are you saying that that would infringe as long as, had there not been settlement, there would have been the capacity to go to another round? I think you are. I am, Your Honor. You are. And my question to you then is in the infringing method, which I have just employed, demand, offer, comparison, settlement, where's the plurality of demands and the plurality of offers? It is only, as far as I can understand your argument, only in the potential to have a plurality should you need to down the road. Is that right? That is right, Your Honor. And the reason that we're saying that, again, in the context of this particular case, is that what was at issue in the prosecution was the Bramson-Merrill reference. And the Bramson-Merrill reference, because it involved a variant of what we know as baseball arbitration, where each side gets to make one offer, one demand, it's over. You can never make another one. The arbitrator or the mediator is going to pick something that's either in the middle or however they set the system up. Because that was the reference under discussion. What distinguished Claim 27 over that, and a number of the other claims that were allowed with similar language, which the examiner recognized because it does not readily incorporate multiple rounds language, what distinguished the invention over those was in fact, just as in one hypothetical, was the capability of having multiple rounds, which Bramson-Merrill didn't have. Wasn't Claim 27 amended to add the rounds language to avoid prior art? Prior art, which showed one demand and one offer? Yes, but That tells us something about its interpretation. The art that was amended over is what I've just described. And Bramson-Merrill as the examiner pointed out, by definition, only allowed a single round, so that they could never have another round. What that means to me is the claims could have been drafted differently and gotten around the prior art, but they weren't drafted differently. They were drafted this way. This is the language we're stuck with. This is the only notice that the competitors get. Well, Your Honor, I think respectfully, for the reasons that we've stated, the only, this is, when you actually understand the specification of the prosecution correctly, not the way it's being represented by NAF, and if you look at the claims on, again, let's take Claim 27, the only way to fairly understand it, I think, as a competitor, and this is not any technical language, I think we've all agreed, is that you're going to have a system that can have a settlement in the first round, because no one wants to have a system that requires you to run another round if it settles in the first round. Well, you do, if you think you need to do that to get allowance. But, again, Bram- Even if you're wrong. Even if you're wrong. If that's what you think you need to get allowance, that's what you put in your case. We have legion case law. Words chosen by the applicant, he has to live or die by. Whether they were necessary or not. Whether there were better alternatives that didn't occur to the applicant. Because this is the only warning that the rest of the world gets as to what's protected. I think, Your Honor, what distinguishes this case over some of the other cases that require, where this Court has held that a rewriting of claims is required, like in the Chef America case, for example, is that in this case, there's not, respectfully, I think, a term in the context of the phrases in which they use. Again, let's say claim 27, where it says, in one of at least two. You have to do, concededly, you have to do some interpretation to make sense properly of the claim. But it's not a situation where we believe that the claim says, as I said, it doesn't just say, at least two rounds. Which would be, I think, more than a Chef America example. It also says in the preamble, settle in rounds. Yes, Your Honor. I think that that is simply, as was pointed out in the counsel, that that refers to the fact that you can settle in rounds if you don't settle in the first round. All right. I think we end your argument fairly in line. Thank you, Your Honor. Thank you, Your Honor. On claim 27, one thing we know absolutely for sure from the plot of history is that it has to have at least two rounds. We know that for sure. What about waiver on infringement issues? Waiver on infringement issues, Your Honor, is really just an alternative argument. It only matters if we lose on claim construction, and we didn't waive. They presented an infringement case that was based on capabilities. Purely on capabilities. That's all they said, was it was operational. And it's just a failure to burn proof. They did not prove that the method steps that are called out in the patent were performed by either of the systems. But again, it's just an argument of an alternative. If we win on claim construction, then we win on ANS 1X for sure. And ANS 3 is a different story, Your Honor. Second point I'd like to make, that's discontinued. Yeah, both systems are discontinued, depending on the outcome of this, and damages are waived. Damages, we agree. We had a stipulation on that. On the argument that was under construction arguments, I want to point out that the interactive gift case is really dispositive of that as a matter of law. We can make additional arguments from the evidence of record, but I also want to point out, as a matter of fact, the statement was made that we didn't cite anything from the specifications of the district court to support our reading of the specification, and that's just not true. We made the same argument about the specification on page A-914 and A-923 that we're making today. We didn't cite all the pieces that support it, but we cited the main one that we're relying on today. So the same argument was made. And then finally, what I'd like to close with, Your Honor, I think, Your Honor, Judge Bryson hit it right on the head. The issue is, am I right about multiple offers coming in before the first comparison? Multiple offers, multiple demands. That's the issue, not the plurality issue. That's a relatively easy issue. And I would just urge you to look at the claim language, compare it to the easy pass case, look at the specification. It is not correct when Mr. Laidow says the specification is replete with examples of offer, demand, comparison, next round, offer, demand, comparison. There is not one example of that. It never describes that. Instead, it always describes, every time, at least one side putting in multiple offers. Figure 2, do you think, does not describe that? It does not, Your Honor. Figure 2 is after, if you read column 7, it talks about the sponsor setting up the system, putting in multiple offers. Then figure 2 comes in when the attorney for the claimant comes in and makes a demand. And then it walks the attorney for the claimant through the prompts on the telephone or on the internet. And figure 3 is to the same effect. In other words, we're just looking at it from one side. The sponsor's side has already put in multiple offers and that type of system is describing other claims in the patent very specifically. Can I ask you just one other question which really is not directly pertinent I suppose to the committee. I had a hard time understanding in the context of this patent what utility would be provided by this multiple submission, simultaneous or at least offers by one. Why would I want as the, let's say the party seeking to settle a claim, let's say the sponsor I guess it's the sponsor to say, well I offer $5,000, $8,000, and $9,000 instead of $5,000 and see what happens, $8,000. Since all I'm going to get back is a no or a yes, what's the point? What's the advantage of that? Well, I think the advantage is time and these are for very small claims. I mean, I think what... So I can just say $5,000, $8,000, $9,000 and forget about it and then later I'm told it was $9,400 because of the ultimate settlement on the third round? I think the utility is, your honor, if you're in that position, you're the insurance company let's say, you're going to calculate, here's the most I'm going to pay, and calculate your exposure on the nine. And then say, but why not try to get it for cheap as in any negotiation. I'm not going to spend the time to do face-to-face, it's not worth it. But I'll try to calculate some lower numbers and you hope the lower number gets hit. That's, as I understand it, the utility that's described here is a time-saving mechanism for things that are relatively low dollar value. But the key is, as Judge Michelle pointed out, in terms of game theory, if you want, there's no advantage to doing it all at once as opposed to before you've heard the response to your first offer. You're in the same position, you just save a little time. I think that's probably right. But the key is, this is the way they wrote their patent, trying to get something pretty simple through the patent. I may be asking the wrong person that question, but that was something that I found difficult to manage. Thank you. The case is submitted.